### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GLEN FOLSOM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. CIV-21-895-R** |
| ) | |
| **SHON T. ERWIN, UNITED STATES** ) | |
| **MAGISTRATE JUDGE and TIMOTHY** ) | |
| **DEGIUSTI, CHIEF UNITED STATES** ) | |
| **DISTRICT JUDGE,** ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

The Court is in receipt of a Complaint filed by Plaintiff, Glen Folsom, a state prisoner appearing pro se. The two named Defendants are Shon T. Erwin, United States Magistrate Judge, and Timothy DeGiusti, Chief Judge of the United States District Court for the Western District of Oklahoma. The case was referred to United States Magistrate Judge Erwin for preliminary proceedings, and Judge Erwin subsequently disqualified himself.  The case was awaiting reassignment to a new Magistrate Judge; however, the Court hereby withdraws the reference. Furthermore, upon review of the Complaint pursuant to 28 U.S.C. § 1915A, because the Court lacks jurisdiction to grant the relief requested by Plaintiff, which is that the judges "take all [their] bad orders away reopen and give a lawyer or all thing in the past and more." (Doc. No. 1, p. 3).

28 U.S.C. § 1915A provides, in relevant part:

**(a)     Screening.—**

The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) `Grounds for Dismissal.—** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted.

The Court finds that Plaintiff has failed to state a claim, and further, that amendment would be futile. Therefore, the Court *sua sponte* dismisses this action.

One potential basis for jurisdiction asserted in Plaintiff's filing is 42 U.S.C. § 1983. To state a claim under § 1983, plaintiff must allege that he was injured by "deprivation of any of [his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of [state law]." 42 U.S.C. § 1983. Federal government actors, including federal district and magistrate judges, are not state actors acting under color of state law, and therefore cannot be held liable under 42 U.S.C. § 1983. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1435 n.4 (10th Cir. 1986(Section 1983 "does not, however, authorize redress against federal officials who act under federal law); *Peterson v. Timme*, 621 F. App'x 536, 540 (10th Cir. 2015) (stating that "§ 1983 is not an appropriate vehicle to bring claims against a federal official"). Both Defendants are federal actors and thus not liable under § 1983.

A plaintiff alleging a constitutional violation by a federal actor has a right of action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  However,

*Bivens* claims are for money damages, and here, Plaintiff requests injunctive relief in seeking the recission of orders in unidentified prior cases that were dismissed by another judge of this Court. *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225 (10th Cir. 2005); *see also Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("[W]e join our sister circuits in holding that relief under Bivens does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action."); *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("The only remedy available in a Bivens action is an award for monetary damages from defendants in their individual capacities."). Therefore, Plaintiff does not state a cognizable *Bivens* claim against Chief Judge DeGiusti or Magistrate Judge Erwin.[1]

　　For the reasons set forth herein, the Court *sua sponte* dismisses this action.

　　**IT IS SO ORDERED** this 15th day of September 2021.

_____

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff could not recover monetary damages from either judge, both of whom are immune from damages for actions taken in their judicial capacities unless they act in the clear absence of all jurisdiction, which is not the case here. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Additionally, Plaintiff cites to 18 U.S.C. § 242, which is a criminal provision and provides no basis for civil liability.